# Richmond.

NORFOLK AND WESTERN RAILWAY CO. v. MUNSELL'S ADMINIS-

TRATOR.

March 11, 1909.

Absent, Keith, P. and Cardwell, J.

1. RAILROADS—*Grade Crossing—Danger—Admissibility of Evidence—
    Contributory Negligence.*—The dangerous character of the place
    at which plaintiff's intestate was killed, and the right, in the
    absence of any city ordinance, to admit evidence that the de-
    fendant did not have a flagman or watchman at the gate, and
    whether the plaintiff's intestate was negligent in failing to look
    and see the train, were considered and decided in *Norfolk and
    W. R. Co.* v. *Holmes, ante p.* 410.

2. RAILROADS—*Grade Crossing—Instructions—Fanciful Requirements
    —Partial View of Evidence.*—In an action against a railroad
    company for negligently killing a person at a grade crossing,
    an instruction which gives the conditions showing the unusual
    surroundings and dangerous conditions of the place, and tells
    the jury if they believe such conditions existed, the defendant
    was bound to use such precautions as were proper, under the
    peculiar surroundings and circumstances, in order to give warn-
    ing of the approach of the train, does not authorize the jury to
    impose fanciful requirements upon the defendant. Nor is it
    objectionable as singling out and emphasizing one charge of
    negligence. If the conditions described existed, it was for the
    jury to say whether, in view of such conditions, the defendant
    was negligent.

3. VERDICTS—*Excessive—Contrary to Evidence.*—The verdict for $10,-
    000. in the case at bar, for negligently causing the death of the
    plaintiff's intestate, cannot be set aside as excessive, nor because
    it is contrary to the law and the evidence. See *Norfolk and W.
    R. C.* v. *Holmes, ante* p. 410.

VOL. CIX—27.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff for $10,000. Defendant assigns error.

*Affirmed.*

The evidence is sufficiently set forth in the opinion of the court in *Norfolk & W. R. Co.* v. *Holmes, ante,* p. 410.

Instruction No. 2. given at the instance of the plaintiff and referred in the opinion of the court is as follows:

"The court instructs the jury, that if they believe from the evidence that the plaintiff's intestate was killed by the defendant's train by the defendant's negligence, and that this was the sole proximate cause of the accident, and that the place of the accident is so situated that a view of a train coming or about to come out of the Merchants and Miners Steamship Company's yard, at the place of the accident, was obstructed by a fence or otherwise to persons walking along the pavement, and crossing or about to cross with the use of ordinary care the track where it crosses the pavement; that the rails of the railroad track coming out of the said yard and crossing the street at that point were laid so nearly flush or even with the surface of the street, or otherwise so obscured from sight, that a person exercising such care as an ordinarily careful person would have exercised under the same circumstances, could not see the track; that it was dark; that the plaintiff's intestate was unfamiliar with the locality, and that the defendant's employees did not use such precautions as were proper under the peculiar surroundings and circumstances of the locality to give warning of the approach of the train; then the fact that the plaintiff's intestate did not look or see the approaching train cannot be considered as contributory negligence."

*Hughes & Little,* for the plaintiff in error.

*Brooke & Brooke, Richard McIlwaine, Jr.,* and *J. F. Rutherford,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This case grows out of the same accident that was the subject of inquiry in the case of *Norfolk & Western Ry. Co.* v. *Holmes' Admr., ante,* p. 410, in which an opinion is handed down at the present term of this court.

The plaintiff's intestate and her friend, Mrs. Holmes, were together at the time of the accident, and both were struck and killed at the same moment by the same engine. The testimony in the two cases is the same, and has only been printed in the other case, upon the understanding, however, that it is to be read and considered in this case.

. The action brought by Mrs. Holmes' administrator was heard and disposed of upon a demurrer to the evidence. This case was submitted to a jury, upon instructions, and a verdict found for the plaintiff, which the circuit court refused to set aside. The record here contains bills of exception not found in the other record. .

Bill of exception No. 1 is to the action of the court in admitting evidence, in the absence of any city ordinance, that the defendant company did not have a flagman or watchman at the gate. This question has been fully discussed and disposed of adversely to the defendant in the case of *Norfolk & W. R. Co.* v. *Holmes' Admr., ante,* p. 410, 64 S. E. 46, and what is there said need not be repeated here.

Bill of exceptions No. 2 is taken to the action of the court in giving certain instructions asked for by the plaintiff.

The first instruction is objected to upon the ground that there is nothing in the evidence to show that this was a place of any special danger, or that at the time of the accident there was any crowd in the neighborhood, or anything requiring special precaution. The objection is wholly untenable. The opinion in the Holmes case discusses the evidence sufficiently to show that this instruction was fully justified and could not have misled the jury.

The second instruction given for the plaintiff is objected to on the same ground as the first, and also for the reason that there was no sufficient testimony upon which to base it, and because of the plaintiff's negligence in failing to look and see the train. These matters are fully discussed and disposed of in the Holmes case, and what is there said can be read in connection with this case.

It is further urged that instruction No. 2 is objectionable because it left the jury blindly to impose fanciful requirements upon the defendant, and singled out and emphasized one charge of negligence.

We find nothing in this instruction to authorize an imposition by the jury of fanciful requirements upon the defendant. The conditions are given which show the unusual surroundings and dangerous condition of the place, and the jury are told that if they believed such conditions existed, the defendant was bound to use such precautions as were proper, under the peculiar surroundings and circumstances, to give warning of the approach of the train. Nor was it objectionable for singling out and emphasizing one charge of negligence. It gave the jury the general conditions, as plaintiff believed them to exist, and said if they believed that such conditions did exist, then unless the defendant, in view of these conditions, used such precautions as were proper, the plaintiff was not guilty of contributory negligence. If the conditions shown in the evidence and described in the instruction existed, it was for the jury to say whether, in view of such conditions, the defendant had used such precautions as were proper for the protection of persons passing on the street when its engine was emerging from the yard.

Bills of exception Nos. 3 and 4, as stated in the petition to this court, are not regarded by the plaintiff in error as of sufficient importance to be emphasized. It is, therefore, unnecessary to prolong this opinion with their consideration.

The fifth and last assignment of error is to the action of the court in refusing to set aside the verdict of the jury.

The verdict of the jury cannot be disturbed upon the ground that it is excessive, and the discussion in the Holmes case, to which reference is here made, is sufficient to show that the verdict cannot be set aside upon the ground that it is contrary to the law and the evidence.

The judgment complained of must be affirmed.

*Affirmed.*